**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dina M. Schmidt,

Plaintiff,

vs.

Angen Transit Management, Inc.,
a Minnesota corporation;
Angen Transportation, Inc.
a Minnesota corporation;
Utopia Tours, Inc.,
a Minnesota corporation;
Steven Angen and
Daniel Botner, individuals,

Defendants.

Court File No. 01-CV-229 JRT/RLE

**STIPULATION TO AMEND COMPLAINT**

and

ORDER

---

It is hereby stipulated by the undersigned on behalf of the parties hereto that the complaint in the above-entitled action is amended to reflect the changes contained in the first amended complaint attached as Exhibit A. It is further stipulated by the undersigned that the answers heretofore served on Plaintiff shall be deemed to be answers to the first amended complaint. Any new matters alleged in the first amended complaint shall be deemed to be denied unless admitted or otherwise alleged by Defendants hereafter in a subsequent pleading.

.DATED: 5/24/01

NICHOLS KASTER & ANDERSON, PLLP

[signature]

James H. Kaster #53946
Diane M. Odeen #284142
4644 IDS Center, 80 South Eighth St.
Minneapolis, MN 55402
(612) 338-1919
ATTORNEYS FOR PLAINTIFF

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(6)

DATED: 5/25/01

FAFINSKI MARK & JOHNSON, P.A.

Shannon M. McDonough

Donald Chance Mark, Jr. (#67659)
Shanon McDonnough (# )
6600 City West Parkway, Suite 300
Eden Prairie, MN 55344
(952) 995-9500
ATTORNEYS FOR DEFENDANTS
ANGEN TRANSIT MANAGEMENT,
INC., ANGEN TRANSPORTATION,
INC., UTOPIA TOURS, INC., AND
STEVEN ANGEN

DATED: 5/24/2001

LAPP, LIBRA, THOMSON, STOEBNER
& PUSCH, CHARTERED

Jacqueline A. Mrachek (#216434)
David Harbeck (#238594)
One Financial Plaza, Suite 2500
120 South Sixth St.
Minneapolis, MN 55402
(612) 338-5815
ATTORNEYS FOR DEFENDANT
DANIEL BOTNER

IT IS SO ORDERED:

Date: 5/29/01

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dina M. Schmidt,

Plaintiff,

vs.

Angen Transit Management, Inc.,
a Minnesota corporation;
Angen Transportation, Inc.
a Minnesota corporation;
Utopia Tours, Inc.,
a Minnesota corporation;
Steven Angen and
Daniel Botner, individuals,

Defendants.

Court File No.

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

For her complaint against the defendants, and each of them, Dina M. Schmidt, through her attorneys, Nichols, Kaster & Anderson, states as follows:

**JURISDICTION AND VENUE**

1. This court has original jurisdiction to hear this complaint and to adjudicate the claim stated herein under Title 28 U.S.C. §1331 and §1343, this action being brought under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e et. seq. and under 42 U.S.C. § 1981. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minn. Stat. §363.01 et. seq., which jurisdiction is based on the doctrine of supplemental jurisdiction.

2. The unlawful practices hereinafter have been committed in the District of Minnesota, the employment records relevant to these practices are, on information and belief, maintained and administered at the offices of defendant in the District of Minnesota.

EXHIBIT
A

## PARTIES

3. Dina M. Schmidt ("Schmidt") is an individual residing at Route 2, Box 34, in the City of Morris, County of Stevens, and State of Minnesota.

4. Defendants Angen Transit Management, Inc., Angen Transportation, Inc., and Utopia Tours, Inc. ("Defendant Companies") are joint employers for the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. Both are Minnesota corporations with addresses at 446 County Road 7 Northwest, Garfield, Minnesota 56332. They have common ownership, management, and financial operations. They are located in the County of Douglas, State of Minnesota, and provide public transportation services.

5. Daniel Botner ("Botner") is an individual who resides in Garfield, Minnesota 56332. He held the position of Manager with Angen Transit Management, Inc.

6. Steven R. Angen ("Angen") is an individual who resides in Garfield, Minnesota 56332. He held the position of President of Angen Transit Management, Inc.

## FACTUAL ALLEGATIONS

7. Dina Schmidt is a Hispanic female who was employed by the defendants from March 18, 1996 until February 15, 1999.

8. Throughout her employment, Schmidt was discriminated against on the basis of her national origin and race.

9. When hired, Schmidt was forced to take a road map test. No one else who was hired in the same capacity was forced to take this test. Schmidt was told that she would be terminated if she did not achieve 100% accuracy on the test.

10. After her hiring, Schmidt was threatened with termination by manager Daniel Botner. When a co-worker asked Botner if the co-worker was also going to be fired, the co-

worker was assured that "we would never treat you the way we treat Dina." Later, Botner told the co-worker and others in the company that they had decided not to terminate Dina because she could "sue them and win."

11. In December of 1998 every employee of Angen Transit Management, Inc. received an invitation to the company Christmas Party except Schmidt.

12. In December of 1998 every employee of Angen Transit Management, Inc. received a Christmas bonus except Schmidt.

13. Schmidt was also deprived of routine payments made to others, including mileage reimbursement.

14. Schmidt was subjected to a hostile work environment based upon her race and national origin. Repeated comments were made to her that she needed to "speak better," and "now that she lives in America she should learn to speak American." Further, statements were made to her that "we cannot have Dina here until she changes her accent or she will never fit in."

15. Throughout her employment with defendants, plaintiff was treated differently that Caucasian employees through: (a) being required to undergo testing no white employees were required to undergo; (b) being denied the benefit of company policies, including reimbursement for mileage and payment of standard bonuses; and (c) being subjected to a hostile environment through being harassed for the way she speaks, not being invited to company functions, and being told that she was a "disgrace" to the company.

16. On or about February 14, 1999, at an open meeting attended by local radio and newspaper representatives, the defendants openly discussed terminating an employee. Although the employee was not named, it was reasonable for those attending the meeting to infer that it was Schmidt who was being discussed. The discussion was noted in the local paper following

the meeting. It is Schmidt's information and belief that false and defamatory statements were made at this meeting by Defendants' management about Schmidt's work record and conduct.

17. The day following the meeting, Botner and Angen called a meeting with a co-worker to discuss Schmidt's termination. It is Schmidt's information and belief that false and defamatory statements were made at this meeting by Botner and Angen about Schmidt's work record and conduct.

18. On February 15, 1999, Schmidt was terminated. Despite requesting a reason for the termination, no reason was given to Schmidt. Based on the treatment of Schmidt by Defendants and the lack of job-related reasons for her termination, Schmidt submits the termination was based on her race and national origin.

## CAUSES OF ACTION

## COUNT I

## DISCRIMINATION VIOLATION OF TITLE VII

19. By reference hereto, Plaintiff incorporates the paragraphs 1 through 18 of her complaint.

20. Plaintiff and Defendant Companies are employee and employers respectively for the purpose of the definitions set forth in 42 U.S.C. §2000e et. seq. Defendant companies Angen Transit Management, Inc., Angen Transportation, Inc., and Utopia Tours, Inc. are joint employers for the purpose of this statutory scheme.

21. 42 U.S.C. §2000e et. seq. provides that it is unlawful for an employer because of race or national origin to discriminate against any individual with respect to compensation, terms, conditions, facilities or privileges of employment.

22. The conduct described herein constitutes race and national origin discrimination in violation of 42 U.S.C. §2000e et. seq.

23. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other pain and suffering in an amount in excess of $75,000.

24. The discrimination described herein was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the Plaintiff.

25. As a result thereof, Plaintiff is entitled to punitive damages, her costs, disbursements and attorney's fees incurred herein.

**COUNT II**

**DISCRIMINATION IN VIOLATION OF THE MINESOTA HUMAN RIGHTS ACT**

26. By reference hereto, Plaintiff incorporates paragraphs 1 through 25 of her complaint.

27. Plaintiff and Defendant Companies are employee and employers respectively for the purposes of the definitions set forth in Minn. Stat. §363.01.

28. Minn. Stat. §363.03 provides that it is unlawful for an employer because of race or national origin to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment.

29. Defendants' conduct described herein constitutes discrimination in violation of Minn. Stat. §363.03.

30. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages in an amount in excess of $75,000.

31. Defendants' discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the plaintiff.

32. As a result thereof Plaintiff is entitled to punitive damages, her costs, disbursements and attorney's fees incurred herein.

**COUNT III**

**DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

33. By reference hereto Plaintiff incorporates paragraphs 1 through 32 of her complaint.

34. 42 U.S.C. §1981 provides that all persons with equal rights under the law and protects against racial discrimination and employment.

35. Defendants' conduct described herein constitutes race discrimination in violation of 42 U.S.C. §1981.

36. Defendants' race discrimination against Plaintiff has been persistent, ongoing, and systematic.

37. Defendants' discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the Plaintiff.

38. As a direct and proximate result of Defendants' discrimination and violation of 42 U.S.C. §1981, Plaintiff has sustained and continues to sustain substantial losses in earnings and employment benefits. Plaintiff has suffered and continues to suffer embarrassment, emotional distress, humiliation and indignity, and loss of enjoyment of life. In addition, Plaintiff has

incurred attorney's fees and costs in prosecuting this action. Plaintiff is entitled to recovery for these and all amounts owing under the act, including punitive damages for Defendants' willful violations of the law, all in an amount to be determined at trial, but in excess of $75,000.

## COUNT IV

### DEFAMATION

39. By reference hereto Plaintiff incorporates paragraphs 1 through 38 of her complaint.

40. Defendants caused to be communicated to third parties false and defamatory statements about plaintiff.

41. The statements were made and published with knowledge of their falsity and with malice and wanton reckless disregard for the effect on Plaintiff.

42. The statements include, but are not limited to, stating publicly that an employee, who could reasonably be identified as Schmidt, would be terminated, stating and implying that the termination was based on cause, stating that Plaintiff was a "disgrace," and otherwise communicating false and defamatory reasons for Defendants' termination of plaintiff.

43. The nature and obvious meaning of the statements, construed as a whole and including innuendo reasonably drawn from the statements, are incredulous, false and harm Plaintiff's reputation in her business and occupation.

44. It was foreseeable to defendants that Plaintiff would be harmed by their actions and communication of false and defamatory statements regarding Plaintiff in her personal and professional capacity.

45. The statements made about Plaintiff constitute defamation per se.

46. Plaintiff has been compelled to republish these false statements.

47. As a direct and proximate result, Plaintiff has suffered and continues to suffer loss of professional reputation, personal reputation, embarrassment, emotional distress, humiliation and indignity, and past and future income and earning capacity, all in an amount to be determined at trial, but in excess of $75,000.

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.) For an award of economic damages arising from past and future loss of income;

2.) For an award of compensatory damages arising from mental anguish, emotional distress, loss of reputation, and other damages;

3.) For plaintiff's attorney's fees, costs and disbursements incurred herein;

4.) For any and all punitive damages allowed under federal and state law;

5.) For treble damages as provided by the Minnesota Human Rights Act;

6.) For such other and further relief and the court deems just and equitable.

Dated: 5/23/01

NICHOLS KASTER & ANDERSON, PLLP

By [signature]

James H. Kaster #53946
Diane M. Odeen #284142
4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 338-1919

ATTORNEYS FOR PLAINTIFF